UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHARD PHILLIP PRINTY,

                Plaintiff,

v.                                                     9:09-CV-0528
                                                                (GTS/RFT)

DEPARTMENT OF CORRECTIONAL SERVICES,

                Defendant.
_____

APPEARANCES:

RICHARD PHILLIP PRINTY, 05-A-4590
  Plaintiff, *Pro Se*
Wallkill Correctional Facility
Route 208, Box G
Wallkill, NY 12589

HON. GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

Currently before this Court in this *pro se* prisoner civil rights action are a motion to proceed *in forma pauperis* (Dkt. No. 4) and a motion for the appointment of counsel (Dkt. No. 3) filed by Richard Phillip Printy ("Plaintiff").  For the reasons set forth below, Plaintiff's motions are denied, and his Complaint is *sua sponte* dismissed with prejudice for failure to state a claim upon which relief might be granted.

**I.    BACKGROUND**

After reviewing the information that Plaintiff provided in his motion to proceed *in forma pauperis*, the Court concludes that he meets the financial criteria for commencing this action *in forma pauperis*.  Therefore, the Court must now consider the sufficiency of the allegations that he has set forth in his Complaint in light of 28 U.S.C. §§ 1915, 1915A.  This is because Section

1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, 28 U.S.C. § 1915A(a) directs that the Court review a complaint in a civil action "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and directs that the Court dismiss the complaint if it is frivolous, malicious, or fails to state a claim on which relief may be granted.

It has long been understood that a defendant may base a motion to dismiss for failure to state a claim on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga County*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review) [citations omitted].

With regard to the first ground, Fed. R. Civ. P. 8(a)(2) requires that a pleading contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. By requiring this "showing," Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a short and plain statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 [citations omitted]. The main purpose of this rule is to "facilitate a proper decision on the merits." *Id*. at 212, n.18 [citations omitted].[1]

---

[1] *See also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial.") [citation

The Supreme Court has long characterized this pleading requirement under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal," and has repeatedly rejected judicially established pleading requirements that exceed this liberal requirement. *Id*. at 212, n.20 [citations omitted]. However, even this liberal notice pleading standard "has its limits." *Id*. at 212, n.21 [citations omitted]. As a result, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet this liberal notice pleading standard. *Id*. at 213, n.22 [citations omitted].

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turning on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965 [citations omitted]. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

---

omitted]; *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("[T]he principle function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.") [citations omitted].

[citations omitted].[2]

As have other Circuits, the Second Circuit has recognized that the clarified plausibility standard that was articulated by the Supreme Court in *Twombly* governs *all* claims, including claims brought by *pro se* litigants (although the plausibility of those claims is to be assessed generously, in light of the special solicitude normally afforded *pro se* litigants).[3] It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [citation omitted; emphasis added]. That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set

---

[2] *See also Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) ("[The Supreme Court] is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*.").

[3] *See*, *e.g.*, *Jacobs v. Mostow*, 271 F. App'x 85, 87 (2d Cir. March 27, 2008) (in *pro se* action, stating, "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim up relief that is plausible on its face.'") [citation omitted] (summary order, cited in accordance with Rule 32.1[c][1] of the Local Rules of the Second Circuit); *Boykin v. KeyCorp.*, 521 F.3d 202, 215-16 (2d Cir. 2008) (finding that borrower's *pro se* complaint sufficiently presented a "*plausible* claim of disparate treatment," under Fair Housing Act, to give lenders fair notice of her discrimination claim based on lenders' denial of her home equity loan application) [emphasis added].

out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level.[4]

Finally, in reviewing a complaint for dismissal under Fed. R. Civ. P. 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. This standard is applied with even greater force where the plaintiff alleges civil rights violations and/or where the complaint is submitted *pro se*. However, while the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed),[5] it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[6] Rather, as both the Supreme Court and Second Circuit have

---

[4] For example, in *Erickson*, the Supreme Court held that, because the plaintiff-prisoner had alleged that, during the relevant time period, he suffered from hepatis C, he had alleged facts plausibly suggesting that he possessed a sufficiently serious medical need for purposes of an Eighth Amendment claim of inadequate medical care. *Erickson*, 127 S. Ct. at 2199-2200. Expressed differently, the Court held that such a plaintiff need not *also* allege that he suffered an independent and "substantial injury" as a result of the termination of his hepatis C medication (a requirement that had been imposed by the district court). This point of law is hardly a novel one, which is presumably why the *Erickson* decision was relatively brief. Prior to the Supreme Court's decision, numerous decisions, from district courts within the Second Circuit alone, had found that suffering from hepatitis C constitutes having a serious medical need for purposes of the Eighth Amendment. *See, e.g., Rose v. Alvees*, 01-CV-0648, 2004 WL 2026481, at *6 (W.D.N.Y. Sept. 9, 2004); *Verley v. Goord*, 02-CV-1182, 2004 WL 526740, at *10 n.11 (S.D.N.Y. Jan. 23, 2004); *Johnson v. Wright*, 234 F. Supp.2d 352, 360 (S.D.N.Y. 2002); *McKenna v. Wright*, 01-CV-6571, 2002 WL 338375, at *6 (S.D.N.Y. March 4, 2002); *Carbonell v. Goord*, 99-CV-3208, 2000 WL 760751, at *9 (S.D.N.Y. June 13, 2000). The important thing is that, in *Erickson*, even the *pro se* plaintiff was required to allege some sort of fact.

[5] *Sealed Plaintiff v. Sealed Defendant # 1*, No. 06-1590, 2008 WL 3294864, at *5 (2d Cir. Aug. 12, 2008); *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

[6] *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (extra liberal pleading standard set forth in *Haines v. Kerner*, 404 U.S. 519 [1972], did not save *pro se* complaint from dismissal for failing to comply with FED. R. CIV. P. 8); *accord*, *Shoemaker v. State of Cal.*, 101 F.3d 108 (2d Cir. 1996) (citing *Prezzi v. Schelter*, 469 F.2d 691) [unpublished disposition cited only to acknowledge the continued precedential effect of *Prezzi v. Schelter*, 469 F.2d 691, within the Second Circuit]; *accord*, *Praseuth v. Werbe*, 99 F.3d 402 (2d Cir.1995).

repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[7] Stated more plainly, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp.2d at 214, n.28 [citations omitted].

## II.  SUMMARY OF COMPLAINT

In his *pro se* Complaint, Plaintiff complains of "Mail tampering" by the Department of Correctional Services ("DOCS") in violation of federal law. (Dkt. No. 1, ¶¶ 6, 7, and Attached "Brief".) Generally, this claim arises out of Plaintiff's efforts to secure his release from prison by serving a "Notice to Discharge and Release" on the New York Department of State. (*Id.* at 5-11.) In his "Notice to Discharge and Release," Plaintiff "demand[ed] [his] immediate release from the Department of Correction, Department of Parole and Department of Justice as a SOVERIEGN OF AMERICAS, Pursuant [to] Title 8 of the United States Code Services and the law as they are enumerated in the HOLY SCRIPTUES." (*Id*. at 10.) The asserted reason for this demand was that there had been "infringement upon [Plaintiff's] personal copyrighted property," specifically, his name. (*Id*. at 8-11.) In addition, Plaintiff's Complaint invokes several provisions of the Uniform Commercial Code, in support of his related assertion that he is being imprisoned as collateral for an illegal debt. (*Id*. at 6-11.) For a more complete statement of Plaintiff's claims,

---

[7]     *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted], *accord*, *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983); *cf. Phillips v. Girdich*, 408 F.3d 124, 128, 130 (2d Cir. 2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply with Rules 8 and 10 if his mistakes either "undermine the purpose of notice pleading []or prejudice the adverse party").

6

reference is made to the Complaint in its entirety.  (*See generally* Dkt. No. 1.)

### III.     ANALYSIS

#### A.     Plaintiff's Attempt to Initiate a Criminal Prosecution

"It is well settled that a private citizen has no right to prosecute a federal crime." *New York v. Muka*, 440 F. Supp. 33, 36 (N.D.N.Y. 1977) (Munson, J.) (*citing Conn. Action Now, Inc. v. Roberts Plating Co., Inc.*, 457 F.2d 81, 86 [2d Cir. 1972]; *Keenan v. McGrath*, 328 F.2d 610 [1st Cir. 1964]; *U.S. v. Panza*, 381 F. Supp. 1133 [W.D. Pa. 1974]); *see also Savage v. Arnold*, 403 F. Supp. 172, 174 (E.D. Pa. 1975) (private citizen has no right to maintain a criminal complaint).  "Federal crimes are prosecuted by the United States Attorney, who possesses an absolute and unreviewable discretion as to what crimes to prosecute." *Muka*, 440 F.Supp. at 36 (*citing* 28 U.S.C. § 547(1); *United States v. Kysar*, 459 F.2d 422 (10th Cir. 1972) (other citation omitted)).  A criminal prosecution is intended to protect the rights of the United States as a whole, and not to vindicate private rights. *Muka*, 440 F.Supp. at 36.

Accordingly, insofar as Plaintiff seeks, by his Complaint, to initiate criminal proceedings or otherwise prosecute charges of mail tampering, the Complaint is dismissed for failure to state a claim upon which relief may be granted.

#### B.     Plaintiff's Request for Habeas Relief

Habeas petitions are to be used where the inmate seeks a determination that he is entitled to immediate release or a speedier release from imprisonment, *i.e.*, when the prisoner is challenging the very fact or duration of his physical imprisonment. *Kirch v. Mitchetti*, 787 F.Supp. 403, 405 (S.D.N.Y. 1992) (citations omitted).  In *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973), the Supreme Court held that habeas corpus was the appropriate remedy for prisoners challenging the fact or duration of their confinement.

Thus, while Plaintiff's pleading is styled as a "complaint," he argues that his state court judgment of conviction is invalid and seeks his immediate release from prison. Insofar as Plaintiff is challenging the fact or duration of his confinement, his claims are not cognizable in this civil rights action and are hereby dismissed.

### C. Plaintiff's Other Claims

In light of plaintiff's *pro se* status, the Court has endeavored to discern the nature of any additional claims set forth in Plaintiff's Complaint in order to determine the sufficiency of those allegations in light of 28 U.S.C. §§ 1915, 1915A.

Plaintiff has submitted his Complaint on a form available for litigants seeking relief for the violation of their statutory or constitutional rights pursuant to 42 U.S.C. § 1983. In order to establish a right to relief under Section 1983, a plaintiff must show that the defendant(s), acting under color of state law, deprived him of a right, privilege or immunity secured by the Constitution. *Parratt v. Taylor*, 451 U.S. 527, 532 (1981); *Eastway Const. Corp. v. New York*, 762 F.2d 243, 249 (2d Cir. 1985), *cert. denied*, 484 U.S. 918 (1987).

The Eleventh Amendment to the United States Constitution prohibits federal courts from exercising jurisdiction over suits against non-consenting states. *See* U.S. Const., Amend. XI; *Hans v. Louisiana*, 134 U.S. 1 (1890); *Farid v. Smith*, 850 F.2d 917, 920-21 (2d Cir. 1988); *Amankwaah v. Cayuga County*, 92-CV-1103, 1992 WL 296459, at *2-3 (N.D.N.Y. Oct. 16, 1995) (McCurn, C.J.). New York State has not waived its immunity from suit on claims asserted pursuant to 42 U.S.C. § 1983. Moreover, "[f]or Eleventh Amendment purposes, governmental entities of a state that are considered 'arms of the state' receive Eleventh Amendment immunity." *Dawkins v. State of New York*, 93-CV-1298, 1996 WL 156764, at *2 (N.D.N.Y. 1996) (Pooler, J.). It is well-settled that DOCS, the only Defendant named in Plaintiff's Complaint, is protected from liability by New York State's Eleventh Amendment immunity. *See Davis v. New York*, 316

8

F.3d 93, 101 (2d Cir. 2002); *Santiago v. New York State Dep't. of Corr. Serv.*, 945 F.2d 25, 28 n.1 (2d Cir. 1991) (citations omitted). Accordingly, the Complaint does not state a Section 1983 claim for the violation of Plaintiff's constitutional or statutory rights upon which relief may be granted.

Plaintiff also invokes the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") as presumptive authority for the discharge of his criminal conviction.[8] The FDCPA seeks to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(2). The statute prohibits particular actions by debt collectors such as improper communications with the consumer (15 U.S.C. § 1692c), harassing or oppressive behavior (15 U.S.C. § 1692d), false or misleading representations (15 U.S.C. § 1692e), and the use of unfair or unconscionable means of debt collections (15 U.S.C. § 1692f). Here, there is nothing in Plaintiff's Complaint that plausibly suggests that the provisions of the FDCPA are implicated in any respect by his criminal conviction and present confinement. Accordingly, that statute does not provide a basis for the exercise of this Court's jurisdiction over this matter.

Finally, to the extent that Plaintiff is attempting to assert a First Amendment claim for interference with his mail or denial of his right to access the courts, his Complaint, even when construed with the utmost of special solicitude, fails to allege facts plausibly suggesting such claims.

## IV.   CONCLUSION

The Court has thoroughly and liberally reviewed Plaintiff's Complaint. On the basis of that review, the Court finds that the Complaint fails to state a claim upon which relief may be

---

[8] Plaintiff characterizes his conviction as a "debt" which he incurred under duress and which he now seeks to discharge. (Dkt. No. 1, at 8-11.)

granted. Indeed, several of these claims are frivolous.[9] Finally, because the problems with Plaintiff's claims are substantive and not merely formal, the Court finds that granting Plaintiff leave to replead them would be futile, and it therefore does not do so.[10]

For all of these reasons, Plaintiff's Complaint is dismissed. *See* 28 U.S.C. § 1915(e); *Neitzke*, 490 U.S. at 328.

In light of the dismissal of this action, Plaintiff's motion to proceed *in forma pauperis* and his and motion for the appointment of counsel are denied as moot.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 4) and his motion for the appointment of counsel (Dkt. No. 3) are **DENIED as moot**.

Dated: June 2, 2009
    Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[9] *See*, *e.g.*, *Henderson v. Clover Field*, 08-CV-0504, 2008 WL 2405705, at *2 (N.D.N.Y. June 11, 2008) (McCurn, J., adopting, on *de novo* review, Report-Recommendation of Lowe, M.J.) (finding frivolous *pro se* prisoner civil rights and habeas corpus claims founded on, *inter alia*, Uniform Commercial Code); cf. United States v. Patterson, 04-CR-0030, Order, at 2-3, 8 (N.D.N.Y. filed Dec. 14, 2004) (Lowe, M.J.) (rejecting for filing submission of criminal defendant alleging that Government had improperly used his copyrighted name).

[10] *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it") [citation omitted]; *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") [citation omitted].